UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ANGEL ROMERO,

                Petitioner,

        - against -

ROBERT ERCOLE, Superintendent of
Green Haven Correctional Facility,

                Respondent.
-------------------------------------------------------x

MEMORANDUM AND ORDER
08-CV-4983 (RRM)

MAUSKOPF, United States District Judge:

Petitioner Angel Romero, who is currently incarcerated in Green Haven Correctional Facility, brings this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner's request to proceed in forma pauperis is granted. For the reasons set forth below, petitioner is directed to submit an affirmation, within forty-five (45) days of the date of this Order, showing cause why the petition should not be dismissed as time-barred.

## Background

Petitioner was convicted and sentenced to 25 years' incarceration on May 22, 2002, following a jury trial, in New York Supreme Court, Queens County. He appealed his conviction to the New York Supreme Court, Appellate Division, Second Department, which modified the judgment and affirmed as modified on October 27, 2003. People v. Romero, 309 A.D.2d 953, 953, 766 N.Y.S.2d 369, 370 (2d Dep't. 2003). His application for leave to appeal to the New York Court of Appeals was denied on December 30, 2003. People v. Romero, 1 N.Y.3d 579, 579, 807 N.E.2d 908, 908 (N.Y. 2003). Petitioner did not petition the United States Supreme Court for a writ of certiorari.

In April 2004, Petitioner filed a motion in state court pursuant to New York Criminal Procedure Law 440, in which he requested a copy of the trial transcript and a DNA test. See

Petition Exhibit B, Affirmation in Opp'n to Def.'s Appl. For Evidence ¶ 8. The motion was denied by the Queens County Supreme Court on May 20, 2004. See id.

The instant Petition, dated December 2, 2008, was received by the United States District Court for the Eastern District of New York on December 8, 2008. Petitioner asserts that he is entitled to equitable tolling of the Statute of Limitations because of his limited proficiency in English and because he does not have access to his trial court record.

## **Applicable Law**

In enacting the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress established a one-year period of limitations for the filing of an application for a writ of habeas corpus by a person in custody pursuant to a State court judgment. See 28 U.S.C. § 2244(d)(1). The AEDPA provides that the limitation period shall run from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

If a "properly filed" application for State post-conviction or other collateral review with respect to the judgment of conviction was "pending" at any time during that one-year period, the

2

time during which this application was pending does not count toward the one-year period. 28 U.S.C. § 2244(d)(2).

The AEDPA statute of limitations is not jurisdictional and may be equitably tolled. Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam). "Equitable tolling, however, is only appropriate in 'rare and exceptional circumstances.'" Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001) (quoting Smith, 208 F.3d at 17). A petitioner "must demonstrate that he acted with 'reasonable diligence' during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances 'beyond his control' prevented successful filing during that time." Id.; see also Baldayaque v. United States, 338 F.3d 145, 152-53 (2d Cir. 2003), Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000).

A district court can "raise a petitioner's apparent failure to comply with the AEDPA statute of limitation on its own motion." Acosta v. Artuz, 221 F.3d 117, 121 (2d Cir. 2000). See also Day v. McDonough, 547 U.S. 198, 209 (2006) ("[D]istrict courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition"). However, "unless it is unmistakably clear from the facts alleged in the petition, considering all of the special circumstances enumerated in Section 2244(d)(1), equitable tolling, and any other factors relevant to the timeliness of the petition, that the petition is untimely, the court may not dismiss a Section 2254 petition for untimeliness without providing petitioner prior notice and opportunity to be heard." Acosta, 221 F.3d at 125 (citing Snider v. Melindez, 199 F.3d 108, 113 (2d Cir. 1999) and Lugo v. Keane, 15 F.3d 29, 30 (2d Cir. 1994)).

## Discussion

The facts alleged in the petition suggest that petitioner's application for habeas corpus relief pursuant to 28 U.S.C. § 2254 is time-barred. Petitioner was convicted on May 22, 2002,

3

and his last direct appeal was decided on December 30, 2003. Accordingly, the judgment became final 90 days later, on March 29, 2004, when the time for seeking further review expired. If 28 U.S.C. § 2244(d)(1)(B)-(D) are inapplicable to this case, petitioner had one year from that date, until March 29, 2005, in which to file his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed at least one post-conviction motion in state court, although it is not clear whether he was seeking collateral review that would serve to toll the AEDPA statute of limitations. It appears from the People's Affirmation in Opposition to Defendant's Application for Evidence that the motion was not filed until August 9, 2005, after the expiration of the limitations period. (Pet., Exhibit B ¶ 4.)

Petitioner has also asserted that his lack of English language proficiency should excuse his untimeliness. In Diaz v. Kelly, 515 F.3d 149 (2d Cir. 2008), the Court of Appeals for the Second Circuit held that an English language deficiency may be a sufficiently serious obstacle to warrant equitable tolling of the statute of limitations, provided that the petitioner has acted with reasonable diligence. The court explained, however, that "the diligence requirement of equitable tolling imposes on the prisoner a substantial obligation to make all reasonable efforts to obtain assistance to mitigate his language deficiency." Id. at 154.

Petitioner is therefore directed to show cause by affirmation, within forty-five (45) days from the date of this Order, why the AEDPA statute of limitations should not bar the instant petition.[1] See Day, 547 U.S. at 209-10; Acosta, 221 F.3d at 125. In order to seek equitable tolling of the statute of limitations, he shall present the facts to the Court in his affirmation and shall append to his affirmation documentary evidence, if available, supporting his allegations. In particular, he must identify any post-conviction motions he filed in state court and give the dates

---

[1] An affirmation form is attached to this Order for petitioner's convenience.

4

on which they were filed and decided. To the extent that he seeks to qualify for equitable tolling on the basis of English language deficiency, he must identify the extent of his language deficiency and explain what efforts he made to learn about the requirements for filing and to seek assistance in his language, including any efforts to contact anyone outside of his facility. See Diaz, 515 F.3d at 154. No response shall be required from respondent at this time and all further proceedings shall be stayed for forty-five (45) days or until the petitioner has complied with this Order. If petitioner fails to comply with this Order within the time allowed, the instant petition may be dismissed as time-barred.

The Clerk of the Court is directed to mail a copy of this Order to Petitioner.

SO ORDERED.

Dated: Brooklyn, New York
January 15, 2009

ROSLYNN R. MAUSKOPF
United States District Judge