UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ANGEL ROMERO,

                Petitioner,                              MEMORANDUM AND ORDER
                                                                       08-CV-4983 (RRM)

            - against -

ROBERT ERCOLE, Superintendent of
Green Haven Correctional Facility,

                Respondent.
---------------------------------------------------------------X
MAUSKOPF, United States District Judge.

      Petitioner Angel Romero ("Romero") filed a petition for a writ of *habeas corpus* dated December 2, 2008 (Docket No. 1). By Memorandum and Order dated January 15, 2009, the Court directed Romero to show cause why his petition should not be dismissed as time-barred pursuant to the one-year statute of limitations prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Romero v. Ercole*, No. 08-CV-4983(RRM), 2009 U.S. Dist. LEXIS 3181, at *6; 2009 WL 112598, at *3 (E.D.N.Y. Jan. 15, 2009) ("*Romero I*"). Romero timely filed an affirmation (Docket No. 3) in response to the Court's Order in *Romero I*. Based on Romero's submissions, and for the reasons set forth below, the petition is DISMISSED as time-barred.

## BACKGROUND

**A.    State court proceedings**

      In 2000, a grand jury in Queens County, New York indicted Romero on charges of first and second degree rape, first and second degree sodomy, first and second degree sexual abuse, and endangering the welfare of a child. After trial, a jury found Romero guilty of all charges with the exception of four of the twelve charged counts of sexual abuse. By judgment entered on May 22,

1

2002, the New York State Supreme Court, Queens County sentenced Romero to numerous concurrent and consecutive terms of incarceration resulting in an aggregate sentence of 25 years in prison.

Romero subsequently appealed and, by opinion issued October 27, 2003, the New York State Supreme Court, Appellate Division, Second Department (the "Appellate Division") affirmed Romero's convictions with the exception of two counts of sexual abuse that were previously dismissed but erroneously submitted to the jury. *People v. Romero.* 309 A.D.2d 953, 953 (2d Dep't 2003). The New York State Court of Appeals denied Romero's application for leave to appeal from that decision on December 30, 2003. *People v. Romero*, 807 N.E.2d 908, 908 (N.Y. 2003).

## B. The instant petition

Romero's petition, filed December 2, 2008, attaches five documents: (1) an incomplete copy of Romero's brief submitted to the Appellate Division on direct appeal;[1] (2) a Short Form Order issued by the New York State Supreme Court, Queens County (Katz, J.), dated May 20, 2004, denying Romero's April 20, 2004 motion seeking DNA testing and a copy of his trial transcript; (3) the State's opposition to a second post-trial motion filed by Romero on August 9, 2005; (4) a New York State Department of Correctional Services "Legal Assistance Form," dated September 2008, authorizing Romero to receive legal assistance from a fellow inmate; and (5) a four-page affidavit by Romero, requesting equitable tolling of the statute of limitations.

In his affidavit requesting equitable tolling, Romero began by stating that he "does not understand the nature of legal process in the realm of Federal Habeas Corpus proceeding[s]." (Docket No. 1 at 29.) Next, Romero added the following:

---

[1] Exhibit A to the petition consists of the cover page, table of contents, and pages 1 through 17 of Romero's appellate brief. According to the table of contents, however, the appellate brief consists of at least 27 pages.

> Mr. Romero has no law clerk assist [*sic*] in preparing his Habeas Corpus. This inmate obviously did not know what he was doing considering the fact that the only papers Mr. Romero had at the time was his half appellate brief, in any even [*sic*] he does not have a complete set of the trial transcripts, Court Decision and other document was destroyed by the Correctional Facility. (See Exhibit, A-B).

(*Id.*) The referenced exhibits A and B were the incomplete copy of Romero's appellate brief and the State's opposition to Romero's August 9, 2005 motion, respectively. Romero did not specify what document or documents were destroyed by the "Correctional Facility" or provide any support for that contention. Nor did Romero explain what "time" he was referring to in claiming that he had insufficient documents.

> In the third paragraph of his affidavit, Romero wrote the following:
>
> If it were not for one of Mr. Romero's good friend [*sic*], the not law clerk, who was transferred from Sullivan Correctional Facility dated August 1, 2008 [*sic*], Mr. William Figueroa, 91 A 2142, Loc/A6-354, who is responsible for writing the instant motion, Mr. Romero would never know about the AEDPA statute of limitation [*sic*]. Clearly, petitioner herein, a lay-person having a minimal education background, is hardly a reasonable substitute for the legal representation to which every defendant is lawfully entitled.

(*Id.*) Finally, Romero asserted his difficulty with the English language as a ground for equitable tolling. Romero averred that he cannot "speak or read English" and, citing *Diaz v. Kelly*, 515 F.3d 149 (2d Cir. 2008), argued that "English language deficiency can warrant tolling of the AEDPA limitation period... ." (Docket No. 1 at 30.)

## C.   The Court's January 16, 2009 Order

On January 16, 2009, the Court issued *Romero I*, observing that the petition appeared time-barred pursuant to the AEDPA's one-year statute of limitations and directing Romero to show cause why it should not be dismissed on that basis. *Romero I*, 2009 U.S. Dist. LEXIS 3181, at *6; 2009

WL 112598, at *3. In that Order, the Court noted that equitable tolling is "'only appropriate in rare and exceptional cases.'" *Id.*, 2009 U.S. Dist. LEXIS 3181, at *3-4; 2009 WL 112598, at *2 (quoting *Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001)). Specifically, the Court advised Romero that a petitioner seeking equitable tolling "'must demonstrate that he acted with reasonable diligence during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances beyond his control prevented successful filing during that time.'" *Id.*, 2009 U.S. Dist. LEXIS 3181, at *4; 2009 WL 112598, at *2 (quoting *Smaldone*, 273 F.3d at 138).

As for Romero's assertion that his lack of English language proficiency merited equitable tolling, the Court clarified that the Second Circuit's holding in *Diaz* imposed a "substantial obligation" on a *habeas* petitioner seeking tolling "to make all reasonable efforts to obtain assistance to mitigate his language deficiency." *Id.*, 2009 U.S. Dist. LEXIS 3181, at *6; 2009 WL 112598, at *3 (quoting *Diaz*, 515 F.3d at 154).

The Court therefore provided Romero 45 days within which to show cause why his petition should not be dismissed. As for Romero's request for equitable tolling, the Court directed Romero to present the facts supporting his request in the form of an affirmation accompanied by any available documentary evidence supporting his allegations. Although it was unclear whether Romero was seeking statutory tolling in addition to his request for equitable tolling, for the sake of completeness and in an abundance of caution, the Court directed Romero to "identify any post-conviction motions he filed in state court and [to] give the dates on which they were filed and decided." *Id.*, 2009 U.S. Dist. LEXIS 3181, at *6-7; 2009 WL 112598, at *3.

Regarding Romero's request for equitable tolling based on the language barrier, the Court directed Romero to "identify the extent of his language deficiency and explain what efforts he made to learn about the requirements for filing and to seek assistance in his language, including any efforts

4

to contact anyone outside of his facility." *Id.* (citing *Diaz*, 515 F.3d at 154). That directive was highly significant in light of *Diaz* because, in that case, the Second Circuit held that "[e]quitable tolling was properly rejected" in the cases of two *habeas* petitioners who failed to allege "any efforts to contact anyone outside the prison who might assist in making them aware, in their language, of the legal requirements for filing a habeas petition" and further failed to specify "what efforts were made to learn of such requirements within their places of confinement." *Diaz*, 515 F.3d at 154.

### D. Romero's response to the Court's January 16, 2009 Order

Romero's affirmation in response to the Court's Order to Show Cause, dated February 24, 2009, consists of four paragraphs. In the first paragraph, Romero argues that the "petition should not be time-barred by the AEDPA's one-year statute of limitations because petitioner was not only separated from his legal papers for a substantial period of time, he is one who does not understand the nature or legal process in the realm of section 2254 of the United States Code as it was amended by the AEDPA in 1996." (Docket No. 3 at ¶ 1.)

In the second paragraph, Romero notes that although he had an attorney to represent him at trial and an "interpreter" to help him during appellate proceedings, those individuals "did not explain how he filed his writ of Habeas Corpus relief on a relevant time period [*sic*]." Romero further states that he "was unable to find someone to help him translation [*sic*] with the one-year limitations period of AEDPA at the time of his habeas application." In addition, Romero cites the Second Circuit's decision in *Zarvela v. Artuz*, 254 F.3d 374 (2d Cir. 2001), for the proposition that the Second Circuit has recognized that "[t]he procedural complexities confronting a habeas petitioner proceeding under the AEDPA of 1996, are considerable." (Docket No. 3 at ¶ 2.)

In the third paragraph, Romero states that while his need for assistance in understanding the legal process is common among *pro se* prisoners who cannot read English, "that does not imply that he speaks or read spanish [*sic*] at a level such that he could understand legal exist [*sic*] or the AEDPA." (*Id.* at ¶ 3.) Romero adds that "[t]he New York Department of Correctional Services was under no duty to provide access to legal materials in a prisoner's preferred language." (*Id.*)

In the fourth and final paragraph, Romero states that he had a "non law clerk" assist him in preparing a motion filed in State court pursuant to New York Criminal Procedure Law § 440, seeking a copy of his trial transcript and certain DNA evidence and/or testing. (*Id.* at ¶ 4.) Romero states that "[t]his non law clerk obviously did not know what he was doing considering the AEDPA establishes a ... 1 year period of limitation in connection with an application for a writ of Habeas Corpus." (*Id.*) Romero concludes with the fact that, on August 1, 2008, a Spanish-speaking inmate named William Figueroa arrived, and that Mr. Figueroa provided Romero with "translation assistance" and helped him file the instant *habeas* petition.

## DISCUSSION

In addition to regulating the procedure for the commencement of federal *habeas* cases, the AEDPA's one-year statute of limitations "also implicates values beyond the concerns of the parties." *Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000). The statute of limitations serves the laudable goals of "'streamlining the *habeas* review process and lending finality to state convictions.'" *Id.* (quoting *Walker v. Artuz*, 208 F.3d 357, 361 (2d Cir. 2000)). As the Second Circuit has explained:

> The AEDPA statute of limitation promotes judicial efficiency and conservation of judicial resources, safeguards the accuracy of state court judgments by requiring resolution of constitutional questions while the record is fresh, and lends finality to state court judgments within a reasonable time. Like the other

procedural bars to *habeas* review of state court judgments, the statute of limitation implicates the interests of both the federal and state courts, as well as the interests of society, and therefore "it is not inappropriate for the court, on its own motion, to invoke the doctrine."

*Id.* (quoting *Brown v. Fauver*, 819 F.2d 395, 398 (3d Cir. 1987)). Given the importance of those interests, the AEDPA's statute of limitations is subject to equitable tolling only in "rare and exceptional" circumstances. *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000).

At the same time, the AEDPA's statute of limitations must work in conjunction with the AEDPA's exhaustion requirement, set forth in 28 U.S.C. § 2254(b)(1), which promotes principles of comity and federalism by affording state courts the opportunity to correct alleged constitutional violations in the first instance. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). For that reason, 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the AEDPA's statute of limitations. Working in tandem, the AEDPA's exhaustion and statute of limitations provisions advance the geminate goals of comity and finality in the conduct of federal *habeas* proceedings. As the Supreme Court wrote in *Duncan v. Walker*:

> The tolling provision of § 2244(d)(2) balances the interests served by the exhaustion requirement and the limitation period. Section 2244(d)(2) promotes the exhaustion of state remedies by protecting a state prisoner's ability later to apply for federal *habeas* relief while state remedies are being pursued. At the same time, the provision limits the harm to the interest in finality by according tolling effect only to "properly filed application[s]... ."

533 U.S. 167, 179-180 (2001) (quoting 28 U.S.C. § 2254(d)(2)).

7

### A. The relevant limitations period governing Romero's *habeas* petition

In light of the facts that (1) the New York Court of Appeals denied Romero's application for leave to appeal on December 30, 2003, see *Romero*, 807 N.E.2d at 908, and (2) Romero did not seek a writ of *certiorari* from the United States Supreme Court, see Docket No. 1 at 2, ¶ 10(g), Romero's conviction became final for purposes of the AEDPA's one-year statute of limitations on March 29, 2004, at the conclusion of the 90-day period within which Romero could have filed a petition for a writ of *certiorari*. See *Fernandez v. Artuz*, 402 F.3d 111, 112 (2d Cir. 2006). As such, "[a]bsent a properly filed state application for collateral review, the AEDPA one-year statute of limitations was set to expire" on March 29, 2005. *Id.* (quotation omitted).

### B. Statutory tolling

As noted above, 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the AEDPA's one-year statute of limitations period for filing a § 2254 *habeas* petition. Although the Court ordered Romero to "identify any post-conviction motions he file in state court and [to] give the dates on which they were filed and decided," *Romero I*, 2009 U.S. Dist. LEXIS 3181, at *6-7; 2009 WL 112598, at *3, Romero did not address that directive in his affirmation and provided no additional documents or other information regarding any application or motion that might impact the statute of limitations.

Assuming *arguendo* that Romero's April 20, 2004 motion seeking DNA testing and a copy of his trial transcript was both (1) properly filed and (2) of a type that would fall within the purview of 28 U.S.C. § 2244(d)(2), the Court can only exclude the 30-day period that elapsed from the date on which Romero filed the motion – April 20, 2004 – and the date on which the State court decided

8

the motion – May 20, 2004. As such, the statute of limitations expired on April 28, 2005, the date 30 days after March 29, 2005, the date on which the statute otherwise would have expired. The only other motion or application referred to in Romero's submissions was a motion filed on August 9, 2005, the State's opposition to which was included in Romero's initial submission. Again assuming *arguendo* that the August 9, 2005 motion was both (1) properly filed and (2) of a type that would fall within the purview of 28 U.S.C. § 2244(d)(2), it could not have tolled the statute of limitations, which had expired more than three months earlier. Because Romero has neither alleged nor presented evidence of any other post-conviction motion or application, statutory tolling under 28 U.S.C. § 2244(d)(2) cannot render Romero's petition timely under the statute of limitations.

## C. Equitable tolling

Construing Romero's submissions liberally, as the Court must, see *Ajlani v. Chertoff*, 545 F.3d 229, 235 (2d Cir. 2008), the Court discerns three potential bases for Romero's request for equitable tolling in this case: (1) Romero is a non-lawyer and received no legal assistance in preparing his *habeas* petition; (2) Romero lacked a copy of the trial transcript and a complete set of legal papers; and (3) Romero lacks English language proficiency. Although the Court is sensitive to the difficulties facing Romero as a *pro se* prisoner who lacks familiarity with the English language, Romero has not demonstrated his entitlement to equitable tolling in this case.

### 1. Lack of legal knowledge and legal assistance

As an initial matter, there is no right to counsel in *habeas corpus* proceedings, see *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Love v. McCray*, 413 F.3d 192, 194 n.1 (2d Cir. 2005), and neither Romero's lack of legal assistance nor his own lack of legal knowledge provides a

basis for equitably tolling the statute of limitations.² Moreover, courts have repeatedly held in the *habeas* context that "ignorance of the law is not grounds for equitable tolling." *Ruiz v. Poole*, 566 F. Supp. 2d 336, 338 (S.D.N.Y. 2008); *see also United States v. Griffin*, 58 F. Supp. 2d 863, 868 (N.D. Ill. 1999) ("run-of-the-mill claim of ignorance of the law" held insufficient to warrant equitable tolling of *habeas* statute of limitations); *Fadayiro v. United States*, 30 F. Supp. 2d 772, 778 (D.N.J. 1998) ("Ignorance of the law does not justify equitable tolling of a statute of limitations.").

Indeed, in his initial submission, Romero stated that he was unaware of the applicable statute of limitations until the arrival of Mr. Figueroa in August 2008. (Docket No. 1 at 29.) Nowhere in his submissions does Romero allege that he made any effort to prepare or file his *habeas* petition prior to Mr. Figueroa's arrival, which came more than three years after the statute of limitations had already run. As such, Romero has not demonstrated "that he acted with 'reasonable diligence' during the period he wishes to have tolled." *See Smaldone*, 273 F.3d at 138 (quoting *Smith*, 208 F.3d at 17).

### 2. Lack of trial transcript and legal papers

To the extent that Romero seeks equitable tolling on the basis of his lack of access to his trial transcript or other legal papers, those allegations do not entitle him to equitable tolling. As the Second Circuit noted in *Crawford v. Costello*, 27 Fed. Appx. 57 (2d Cir. 2001) (unpublished),

---

² *See, e.g., Francis v. Miller*, 198 F. Supp. 2d 232, 235 (E.D.N.Y. 2002) (*habeas* petitioner's assertions "that he has limited education, is ignorant of the law and legal procedure, lacked funds to hire another attorney, had limited access to legal assistance that was available to prisoners, and was allowed limited use of the prison law library" held not to constitute "extraordinary circumstances" sufficient to toll the statute of limitations); *Stokes v. Miller*, 216 F. Supp. 2d 169, 172 (S.D.N.Y. 2000) ("Problems such as insufficiency of legal assistance are not 'extraordinary' such that they warrant equitable tolling of the AEDPA limitation period." (citations omitted)); *Fennell v. Artuz*, 14 F. Supp. 2d 374, 377 (S.D.N.Y. 1997) (*habeas* petitioner's claim that he was "uneducated and not familiar with legal research and legal procedures" held insufficient to equitably toll statute of limitations).

10

"[b]ecause there is no constitutional right to a trial transcript for collateral appeals," the state's denial of a petitioner's request for a transcript "[does] not constitute an unconstitutional impediment sufficient to toll the statute of limitations." *Id.* at 59 (citing *United States v. MacCollom*, 426 U.S. 317, 323-24 (1976); *Crossley v. United States*, 538 F.2d 508, 509 (2d Cir. 1976)). Moreover, Romero's lack of a transcript did not prevent him from filing a *habeas* petition. *See id.* (citing *Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir. 2001) ("Lack of access to a trial transcript does not preclude a petitioner from commencing post-conviction proceedings and therefore does not warrant equitable tolling.")). That fact is well demonstrated here, as Romero ultimately did file his *habeas* petition despite the fact that he still lacks a copy of his trial transcript and whatever other papers he claims were "destroyed by the Correctional Facility." (Docket No. 1 at 29.)

### 3. Lack of English language proficiency

Finally, Romero is not entitled to equitable tolling based on his lack of English language ability. As in the cases of the two *habeas* petitioners for whom equitable tolling was rejected in *Diaz*, Romero has alleged "nothing more than the unavailability of personnel within [his prison] who could translate for [him] during the applicable limitations" period. *Diaz*, 515 F.3d at 154. Romero fails to allege "any efforts to contact anyone outside the prison" who might assist in making him aware, in his language, of the legal requirements for filing a habeas petition, and further fails to allege any efforts to learn of such requirements within his place of confinement. *Id.* Having failed to allege *any* efforts "to obtain assistance to mitigate his language deficiency," Romero certainly has not met his "substantial obligation to make *all* reasonable efforts" to do so. *Id.* (emphasis added).

## CONCLUSION

For the reasons set forth above, petitioner Angel Romero has failed to establish his entitlement to either statutory or equitable tolling of the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). Accordingly, the petition is DISMISSED as time-barred. As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(2); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 112-13 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal taken from the Court's Order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
April 30, 2009

_____
ROSLYNN R. MAUSKOPF
United States District Judge